UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED

OCT 2 9 2012

CLERK'S OFFICE-DETROIT-PSG
U.S. DISTRICT COURT

ANTHONY COLAR, # 787400;
KYLE RICHARDS, # 641715;
JAMES JACKSON, # 477836;

      Plaintiffs,
v.

Civil Action No. 5:12-CV-14747
HONORABLE JOHN CORBETT O'MEARA
UNITED STATES DISTRICT JUDGE

DANIEL HIENZ, et. al.;

      Defendants,
_____/

## OPINION AND ORDER TRANSFERRING PLAINTIFFS' CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN

Anthony Colar, Kyle Richards, and James Jackson, ("plaintiffs"), all inmates presently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, have filed a civil rights complaint in this district against the defendants pursuant to 42 U.S.C. § 1983. In their joint complaint, plaintiffs claim that their constitutional rights have been and are being violated by the defendants while they have been incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

### I. DISCUSSION

In the present case, all of the actions complained of by the plaintiffs took place at the Bellamy Creek Correctional Facility in Ionia, Michigan, which is located in the Western District of Michigan. The plaintiffs all currently reside at this facility. The

defendants named in the complaint all reside in the Western District of Michigan.

Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.,* 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *Sadighi v. Daghighfekr,* 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor,* 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)(Gadola, J.).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan. The primary factor in making the determination to transfer venue is

that all of the "operative facts" in this case allegedly took place or are allegedly taking place at the Bellamy Creek Correctional Facility, which is located in the Western District of Michigan. *See Pierce v. Coughlin,* 806 F. Supp. 426, 428 (S.D.N.Y. 1992). The plaintiffs are currently incarcerated in the Western District of Michigan and the defendants reside in this district. In cases in which a plaintiff's claims may require testimony or files that can be most easily obtained at or near the plaintiff's place of incarceration, "the district in which the institution is located will ordinarily be the more convenient forum." *See Joyner v. District of Columbia,* 267 F. Supp. 2d 15, 20-21 (D.D.C. 2003)(*quoting Starnes v. McGuire,* 512 F. 2d 918, 931 (D.C. Cir.1974)) Finally, the witnesses and files necessary to prosecute these claims are located in the Western District of Michigan and the burden of transporting the plaintiffs to this judicial district would be significant. For these reasons, transfer of this action to the Western District would be proper. *See Welch v. Kelly,* 882 F. Supp. 177, 180 (D.D.C. 1995). Venue for the plaintiffs' lawsuit against the defendants is not proper in the Eastern District of Michigan, because plaintiffs have failed to allege that any of the acts, events, or omissions which form the basis of their lawsuit took place in the Eastern District of Michigan. *See Miles v. WTMX Radio,* 15 Fed. Appx. 213, 215 (6th Cir. 2001). The Court concludes that venue in this § 1983 lawsuit lies in the Western District of Michigan, where plaintiffs allege that the civil rights violations occurred.

## II. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: **OCT 29 2012**